PRESENT—M'KEAN, CHIEF JUSTICE, SHIPPEN, YEATES AND SMITH, JUSTICES.

---

JAMES SEAGROVE *against* JOHN REDMAN, JAMES CRAIG, JOHN PATTON and JAMES MONTGOMERY.

[ S. C. 4 Dall. 153.]

The day book of a consignee is evidence to prove the expenses of the outfit of a vessel in a foreign port.

THIS suit was brought for the recovery of "sundry disbursements on the brig Schuylkill at the Havana, against the defendants as owners, by the plaintiff as their agent and consignee.

In the course of the trial, the plaintiff offered his books in evidence to show the articles furnished and moneys expended by him; which was objected to, as not being within the principle of goods sold and delivered. Many of the items are for cash paid, of which a day book is no evidence by our custom. It was incumbent on the plaintiff to take out commissions to establish such payment.

By the court. These transactions took place in a foreign country, from whence regular proofs must be had with difficulty: and in a mercantile case, wherein the general rules of law as to evidence, are much relaxed. There is no law which authorizes the receipt of a day book in evidence as to goods sold and delivered, after the year. But a presumed necessity, inferred from our peculiar local situation and the nature of trade amongst us, gave rise to the custom, and justified a deviation from the general rules of evidence in this particular. 2 Equ. Ca. Abr. 409. It may be said, that the agent abroad might take receipts for cash paid, but these receipts could not regularly be shown in evidence, without some proof of the signatures thereto. And the difficulty of showing the hand writing of mariners and transient persons is very obvious. The necessity of the present case seems to authorize the receipt of the plaintiff's books in evidence; but the court will judge, whether particular items of the account should not be fortified by other evidence in the power of the party. The brig certainly needed outfits at the Havana; and any dangers arising from the introduction of the consignee's books, are considerably lessened by their being submitted to a jury of merchants, who are fully competent to decide on the reasonableness of the several charges.

The original entries on the day book of the plaintiff, verified by his own oath, were shown in evidence to the jury.

Verdict *pro quer.* for 4026 dollars and 87½ cents.

Messrs. Lewis and Miflin, *pro quer.*
Messrs. Ingersoll and Rawle, *pro def.*