Parker, J.
It is now a well-settled and generally-known princi pie, that where there has been a bona fide conveyance of land, and the grantee has entered under the # deed, and [ * 489 I continued in the open and peaceable occupation of the land granted, a second purchaser cannot avail himself of the first purchaser’s neglect to procure the acknowledgment or registry of his deed ; because, as the whole object of the registry is to give notice, and as there are circumstances within the knowledge of the second purchaser, as strong as the registry of the deed, to satisfy *402 him of a previous conveyance, his purchase will be deemed fraudulent against the first purchaser; and he shall not reap the fruits of his own iniquity. (1)
This construction of the statute, providing for the registry of deeds, was uniformly given by the courts of law before the revolution, as may be seen by the excellent reading on this statute, by the late Judge Trowbridge, the Colee of this country, printed in the appendix to the third volume of the Massachusetts Reports. The same construction has been applied by this Court since the revolution, and has recently been recognized in the case of Norcross vs. Widgery, (2 Mass. Rep. 506,) and in the case of Farnsworth vs. Childs, (4 Mass. Rep. 637.) In this latter case, the doctrine has been applied to attaching creditors, who knew of a bond fide conveyance, and endeavored to take advantage of an omission to record the deed.
No case could be stronger than the present, to show the reasonableness and necessity of such a construction of the statute. Here the creditor assists in the sale of the land by attesting the deed, — lives in sight of the expensive improvements making by the purchaser, — sees him in the daily occupation of his estate ; — and still, knowing of an inadvertence, he treacherously attempts to turn it to account, by seizing the property into his own hands, made valuable by the labor and money of the man he had insnared. — If he could prevail, great would be the reproach to the law. But our wise and learned predecessors have, for a long succession of years, established a doctrine which totally defeats a fraud of this sort; and our legislatures have, by their silence, acquiesced in this construction of the statute.
[ * 490 ] * But, further, if the defendant might by vigilance have successfully defrauded the plaintiff of his estate, it is very clear that he has been so negligent, as to have lost his opportunity.
His judgment appears by the record to have been entered in June, 1808. His execution was not levied until the October following. The attachment holds only for thirty days after judgment. But long before either execution or judgment, the plaintiff awoke, and completed his title, by procuring an acknowledgment and registry of his deed.
The reply to this by the defendant is, that his judgment was in fact rendered in October, and that his execution was in fact levied within thirty days after the rendition of judgment. But having availed himself of a fiction, to expedite the recovery of his judgment, *403 he shall not afterwards reject the fiction, to do mischief to another party. When he insisted upon a report in another county, he should have considered the consequences of entering his judgment as of a term which would be past. He is now bound by the record, and must look to some other property of his debtor, to satisfy the judgment he has recovered.
Wilde and Herbert for the plaintiff.
Lee and Nelson for the defendant.
By the Court. The verdict is right, and judgment must be entered upon it for the plaintiff.

 [How can this circumstance control the positive terms of the act ? Doe vs. Al sopp, 5 B. & A., 142, and see note to Norcross vs. Widgery, 2 Mass. 506. — Ed.]