Sewall, J.,
delivered the opinion of the Court.
The evidence establishes actual notice immediately to the demandant, of a fair and good title vested in the tenant, long before the levy and extent of the demandant’s execution upon the premises in controversy. The execution issued upon a judgment recovered by the demandant against one Conner, once the owner of the land levied upon, including the messuage and farm defended by the present tenant. But Conner had conveyed this part of the tract of land to one Doore, for a valuable consideration paid by him, so long since as in June, 1780, who then entered upon his purchase; and *75 he, and the present tenant claiming under him. have been from that time in the open and exclusive occupation of the premises. The neglect of Doore to have Conner’s deed to him duly registered, until after this attempt upon his grantee, has given occasion to this controversy.
Attempts of this kind have been, however, in several instances, repelled and defeated by the decisions of this Court.
The mode of transferring real estate, by a deed acknowledged and registered, is provided by the legislature, (1) as easy, certain, and notorious. Notoriety is made essential by * the [ * 62 ] statute, and for that purpose a registry is required; and deeds are not to avail, as legal evidence, against any other person than the grantor and his heirs, unless acknowledged and registered. The effect of an unregistered deed against the grantor and his heirs, or of a registered deed against any person claiming by an intermediate transfer, as by another deed, or an extent of an execution, subsequent to the making, and previous to the registering, of the deed, the effect of which is supposed to be in question, is not determined by any provision of the statute, and depends upon the rules and maxims of the common law. Now, to take the case of two purchasers, each for a valuable and adequate consideration paid to their grantor; the second deed, as the act of the grantor, would be, under all circumstances, a fraud on his part; but the deed might be effectual to the second purchaser, if innocent, and not a party to the fraud by any actual notice; the means of notoriety provided by the statute having been neglected by the first grantee. In the case supposed, he must be regarded as contributing to the fraud by his wilful neglect of the security provided for him by the statute, and required to be observed under this penalty, for the purposes of a just and useful policy, established for the common safety, and the benefit of purchasers of real estate. Under these circumstances, the second purchaser is protected by the statute ; and the loss and injury are to be sustained by the first purchaser, as arising from a danger to which he has voluntarily, if not intentionally, exposed himself.
The remedy is not, however, to be extended in its application beyond the mischief provided against; nor is the penalty to be employed to encourage, and render successful, the very fraud it was intended to prevent. Yet this would be the operation of the statute providing for the registry of deeds and conveyances, if a second purchaser, having notice that he was buying what had been already conveyed, were to be protected in his bargain.
*76 The rules of the common law, derived from long experience, and a course of legal decisions, have determined what [ * 63 ] * shall be evidence of notoriety in a transfer of real estate; and the circumstance of open and exclusive occupation, especially when connected with buildings and improvements upon the premises, has ever been regarded as sufficient and conclusive. Such an occupation incapacitates even the owner to convey; his deed must be without effect, until his seisin is restored by an entry, or a judgment in an action commenced in his name. Much more, then, is he incapacitated, who wjuld attempt a second conveyance, after he had already conveyed for a valuable consideration^ because the transfer rests upon an unregistered deed, which, as against him and his heirs, is a sufficient title, and would be evidence to defeat him in any remedy by entry or action.
The case of a purchaser for a valuable consideration, and a bond fide creditor of the grantor, may be brought within the same principles and rules of decision. Thus, in the case before us, if the demandant, as Conner’s creditor, with any reasonable degree of caution and attention on his part, is to sustain a loss arising from the want of notoriety, in the transfer and conveyance from Conner to Doore, then the injury is provided against by the statute; and the infirmity of Doore’s title is the misfortune of those who claim under him; the innocent creditor is to be protected against the negligent, or, as the case may be, the fraudulent, purchaser.
The fact of an immediate entry by Doore upon his purchase, his exclusive and long-continued occupation, his buildings and improvements, his conveyance to the tenant in this action by a deed acknowledged and registered in 1798, repel entirely every presumption of fraud, and are conclusive evidence of a seisin and title, the notoriety of which is not to be disputed. A credit to Conner afforded with any expectation or reliance for payment upon the land thus in the exclusive occupation of Doore and those claiming under him, would be in itself a fraud; which is not to be rendered successful by the provision of this statute, to which the demandant resorts. We do not believe him chargeable with any [ * 64 ] intention of this kind, or any improper purpose * in his credit to Conner. But this attempt is to be attributed to the uncertain and captious construction, which has long prevailed in the country, and has been -often urged as the meaning and operation of a provision useful and beneficial, when determined in its application by the rules and principles of the common law. The reasoning which has 1 ieen gone into, in this case, would be other wise unnecessary, aftf the repeated decisions, which have estah *77 lished the doctrine upon which a nonsuit was directed, and which is now confirmed, (a)

Costs for the tenant.

See 3 Mass. Rep. 573.—2 Mass. Rep. 506, Norcross vs. Widgery. — 4 Mass. Rep. 637, Farnsworth vs. Childs. — 5 Mass. Rep. 438, Dudley vs. Sumner. — 6 Mass. Rep. 487, Davis vs. Blunt. [Marshall vs. Fisk, 6 Mass. Rep. 30. — Brown vs. Maine Bank, 11 Mass. Rep. 153. — State of Connecticut vs. Bradish, 14 Mass. Rep. 296. — Priest vs. Rice, 1 Pick. 164.— Cushing vs. Hurd, 4 Pick. 253. — Warden vs. Adams, 15 Mass. Rep. 233.— Trull vs. Bigelow, 16 Mass. Rep. 406. — Ed.]

 Stat. 1783, c. 37.

 [In Doe, dem. Robinson vs. Allsop, (5 Barn. & Ald. 142,) where there were two assignments of the same lease of premises within the county of Middlesex, and that executed last was registered first, it was held that the deed last registered must, in a court of law, be considered as fraudulent and void, in consequence of 7 Anne, c. 20, sec. 1, although the party claiming under the second assignment had full knowledge, when it was executed, of the prior execution of the first assignment. Abbot, C. J., said it was the first time a court of law had been called upon to put a construction on the words of the statute; that it was impossible that plainer words could be used; and that, sitting in a court of law, they were bound to give effect to them. Quaere, if the same might not be said of the Stat. 783, c. 37, sec. 4 ? For the law of the several states relative to the registering of deeds, see Beers vs. Hawley, 2 Con. Rep. 469. — Durham, vs. Day, 15 Johns. 555.—Roote vs. Holliday, 6 Munf. 251.—Newman vs. Chapman, 2 Rand. 93. — Levinz vs. Will, 1 Dall. 435. — Shoud vs. Locke, 4 Dall. 153 — Burke vs. Allen, 3 Yeates, 360. — Jackson vs. Sharp, 9 Johns. 168. — Jackson vs Burgot, 10 Johns. 457.—Muse vs. Letterman, 13 Serg. & Raw. 167.—Plumer vs Robinson, 6 Serg. & Raw. 179.—Heister vs. Fortner, 2 Binney, 40. — Beckman vs. Frost, 18 Johns. 544. — Willert vs. Overton, 2 Root. 338. — Henry vs. Morgan, 2 Bin. 497. — Keller vs. Natz, 5 Serg. & Raw. 246. — Ex parte Stagg, 1 Nott & M'C. 405.— Sample vs. Bird, 7 Serg. & Raw. 286.— Taylor vs. M'Donald, 2 Bibb. 420.— Cooke, 359. — Stinson vs. Russell, 2 Ten. Rep. 40, 49. — Russell vs. Stinson, 3 Hayw. 1.— Kentucky Bank vs. Haggin, 1 Marsh. 306. — Marbury vs. Madison, 1 Cranch, 161.— M' Donald vs. Leach, Kirb. 72. — Denn vs. Roberts, 1 South, 315.— Cowan vs. Green, 2 Hawkes, 354. — Taylor vs. Exrs. of Herriott, 4 Dessaus, 227. — Davidson vs. Beard, 2 Hawkes, 520. —Roots vs. Holliday, 6 Munf. 251. — Guerrant vs. Anderson, 4 Rand 208 —French vs. Gay, 2 Con. Rep. 22. — Mallows vs. Aspinswall, 2 Day, 280. — Ed.]