The opinion of the Court was read by Wilde J. (who however dissented from his brethren) at March term 1823, as drawn up by
Parker C. J.
It being admitted in the argument of the counsel for the tenant, that, if his client claimed under a deed instead of a levy, he could not hold the land against the demandant, although the deed to him may have been executed, delivered and registered before the deed to the demandant was registered, he has very properly met this cause upon the only point that will bear an argument, viz. whether a creditor, knowing of a conveyance made by his debtor for a valuable consideration, which is not registered, may not nevertheless attach the same land and obtain a title against the grantee by a levy of his execution. There is undoubtedly a difference between the two cases, for in the case of a second purchaser having a knowledge of the former conveyance, there is fraud between grantor and grantee; whereas land which has been conveyed by a deed not registered may be attached without the privity, and so without any fraud of the grantor. Still, we think the effect of a conveyance actually made and delivered, and known to be so by a creditor, is the same, under the construction which has been given to the statute, in relation to such creditor, as it would be in relation to a second purchaser under like circumstances ; and it has so been considered by the Court in the several cases which have presented the subject to them.
In Farnsworth v. Childs, 4 Mass. Rep. 641, the case of a second purchaser and of an attaching creditor are considered the same with respect to the effect of notice; and it is there held, that when express notice of a conveyance, not accompanied by a change of possession, is given to any person, and he shall soon after levy his execution upon the estate as the *172 property of the grantor, or take a second conveyance from him, before the grantee has had a reasonable time to put his deed upon record, the first grantee shall hold.
The case of Davis v. Blunt, 6 Mass. Rep. 487, was of the like nature, the defendant having levied his execution upon land which he knew had before been conveyed to the plaintiff in the action ; and the plaintiff recovered. The case of Prescott v. Heard, 10 Mass. Rep. 60, was decided upon the same principle ; and in the case of Brown v. Maine Bank, 11 Mass. Rep. 158, Sewall C. J. says, that the case of an attachment or execution is put upon the same footing with second purchasers. The reason is the same in both cases ; for if a creditor whose debt is due will stand by, and suffer his debtor to sell his land and receive the value of it from one who knows not of his claim or of his intention to bring an action upon it, and will after-wards attach the same land, there is a constructive fraud upon the purchaser which ought not to prejudice his title. The execution and delivery of the deed completes the transfer from the grantor to the grantee ; the registry is to give notice, that others may not be prejudiced. Actual notice proved is, to the person affected by it, as useful, and ought to be attended with the same consequences, as public notice in the registry ; and implied notice, arising from possession under the deed, is as effectual as actual notice.
A distinction has been suggested between creditors whose debts accrued before, and after, notice of the supposed conveyance, but we do not see how it is possible to apply it; if the conveyance was void for want of a registry, it would be immaterial when the debt accrued, or whether there was notice or not; but as it is a valid conveyance between the parties, the injury to the purchaser is as great, through the fault of the creditor in not making his attachment sooner, in the former case, as in the latter. It is true, in the former case the credit may be given with a view to the land ; but the power of the debtor to convey remains, as well as the liability of the land to other attachments ; so that much stress cannot be laid by the creditor on his right to attach. If be sees no occasion to attach until after a bona fide conveyance is made, with valuable consideration, and this is made known to him, justice does *173 not require, that he should Lave a right to intercept a title foi want of that ceremony which is to bind every one, he having full knowledge of the fact which would be made public by it.
Cases of emérgency may arise, when a failing debtor is attempting to prefer some of his creditors by making a conveyance, and other creditors, knowing of the intent, before it is completed, make their attachments ; which are different in their nature from this, and will depend upon the facts they may present.
In the case before us, the tenant did not make his attachment until the 18th of December, 1820, he then knowing that the conveyance had been made on the 11th of the same month. This was not long enough to warrant him in supposing that the conveyance had been cancelled, as in the case of Farnsworth v. Childs, and it was too long to admit of the supposition, that he was beginning to get his security pari passu with the demandant. He must be supposed, according to the facts reported, to have known that the conveyance was completed between grantor and grantee, and that nothing remained, to make the title good against all the world, but public notice of the very fact of which he had personal knowledge.[1]

Motion for new trial overruled.

 See M'Mechan v. Griffing, 3 Pick. 149; Cushing v. Hurd, 4 Pick. 256; Newhall v. Burt, 7 Pick. 157; M'Gregor v. Brown, 5 Pick. 174; Shaw v. Poor, 6 Pick. 86; Clark v. Jenkins, 5 Pick. 280; M'Fall v. Sherrard, 1 Harper’s (S Carolina) R. 295; Webster v Maddox, 6 Greenl. 256; Stanley v. Perley, 5 Greenl 369