## PORTER *vs.* COLE.

In a writ of entry counting on a disseisin by the tenant, the objection that the disseisin was committed by his grantor, under whose deed he entered, should be taken in abatement.

Where a deed was placed in the hands of referees, to be delivered to the grantee if their report should be accepted by the Court; and one of the referees afterwards, but before the report was returned to Court, and in anticipation of its acceptance, delivered the deed, in presence of the grantor, who did not object; this was held to be a good delivery of the deed, though the grantee afterwards procured the rejection of the report.

If a deed come to the possession of the grantee without the assent of the grantor, and he afterwards demand and receive of the grantee the price of the land, this is a good ratification of his possession of the deed, and amounts to a *delivery.*

So, if he sue the grantee for the price, and have judgment for it at law. And the record of such judgment is admissible, though not conclusive evidence, in an action between persons not parties to that record.

If a second purchaser is informed of the existence of a prior title to the land, it is enough to prevent the operation of his deed to defeat such title; without regard to the manner in which such information was obtained.

THIS was a writ of entry brought against *Daniel Cole, jr.* to recover possession of one twenty-fourth part, called one day, in a certain saw mill; in which the demandant counted on his own seisin and a disseisin by the tenant.

At the trial, which was before the Chief Justice upon the general issue, the demandant read to the jury a deed from *Daniel Cole,* father of the tenant, to himself, dated *March* 19, 1809, recorded *Sept.* 22, 1824, and conveying the premises in fee.

Porter *v.* Cole.

It was proved that in 1809, certain matters in dispute between the demandant and *Cole* the father having been submitted to arbitration, this deed was left with the referees, to be delivered to *Porter* if the report of the referees should be accepted by the Court, and become a settlement of all demands between them, and not otherwise. Before the session of the Court to which the report was returnable, one of the referees, not apprehending that there would be any objection to its acceptance, delivered the deed to *Porter*, in the presence of *Cole*; after which *Porter* appeared at Court and objected to the report, and thereupon it was set aside. After this, *Cole* sued *Porter* on an account annexed to the writ for $1023,77, and on a note on which about 75 dollars were due ; inserting also in his writ the common money counts for 500 dollars. In the account annexed, *Porter* was charged with 65 dollars for one day in the saw mill. In 1812 judgment was rendered in this suit against *Porter*, for $1285,94; but there was no proof by any juror that the charge for the mill was allowed. The tenant objected to the admission of this judgment in evidence in the present action, he being no party to that record; but the objection was overruled.

The tenant claimed under a deed from his father, dated *Aug.* 6, 1819, and recorded *June* 10, 1824, conveying the demanded premises to him in fee. And it appeared that *Cole* the father, in *May* 1819, had taken possession of the premises, which he kept till the conveyance to his son, who entered and occupied under his deed.

The demandant proved that he told one *Staples*, a witness, that he had a deed of one day in the mill and had paid for it; of which *Staples* soon after, in *June* 1819 informed the tenant; advising him not to get into difficuly about the mill, as *Porter* intended to hold it.

The counsel for the tenant objected that the proof did not maintain the declaration against him as a disseisor, he having entered under a deed from his father. But the objection was overruled, on the ground that it should have been taken in abatement.

He also contended that the deed from *Cole* to *Porter* had never been delivered, the possession of it having been obtained improp-

erly, and without the consent of the grantor. On this point the Chief Justice instructed the jury that if they believed from the evidence, that *Cole* had charged *Porter* and recovered judgment against him for the value of the demanded portion of the mill, as on a contract of sale, and received the money, the deed, though improperly delivered to *Porter* by the referee, was from that time rightfully in his possession; and that *Cole's* charge of a day in the mill in his account, and the recovery of judgment and satisfaction therefor, were in legal contemplation equivalent to a formal delivery of the deed, and an assent of the grantor that it should be considered as a legal conveyance. He also instructed them that if they believed the testimony of *Staples*, the information he gave to the tenant was sufficient notice of the demandant's title, and prevented the deed from *Cole* the father to the tenant, though first recorded, from operating to defeat it. And a verdict was taken for the demandant, subject to the opinion of the Court.

*N. Emery,* for the tenant, maintained the point taken at the trial, that the evidence of a disseisin by the father or a stranger did not support the allegation of a disseisin by the tenant himself, who, it appeared, entered lawfully, under his deed from a grantor in actual possession; and that on this ground the demandant was not entitled to retain his verdict.

He also insisted on the objection to the admissibility of the judgment obtained by the father, it being *res inter alios*. But if admitted, it ought to have no application to this case, as it did not appear that the jury allowed the charge of a day in the mill, the other items sued for being larger than the sum recovered; nor was there any evidence to shew that it was the same day demanded in this action.

As to the deed to the demandant, it was never delivered. He was never to receive it as conveying title, until after the acceptance of the report. It was entrusted to him for a particular purpose; and like the possession of the deed by the grantee in *Chadwick v. Webber* 3 *Greenl.* 141, it cannot avail him. His detention of it after the rejection of the report was a fraud; and to permit

him to derive a benefit to himself from such a transaction, does not comport with the purity of public justice. But if it were otherwise, yet under the circumstances of this case the notice to the tenant was not sufficient ; being merely general hearsay. After the demandant had silently acquiesced in the possession of Cole ten years, pocketing his deed, the tenant, even if he had previously known the facts, was justified in concluding that he had abandoned all pretence of claim, and was entitled to distinct and particular notice to the contrary, from the demandant himself. *Farnsworth v. Child* 4 *Mass.* 636. *Jolland v. Stainbridge* 3. *Ves. Jr.* 478. 2 *Atk.* 275.

*E. Shepley,* for the demandant, to the first objection, cited *Co. Lit.* 238. *b. Stearns* on real actions 149, 173, 214, 465, to shew that it could be taken only in abatement.

To the admissibility of the judgment he cited *Com. Dig. tit. Estoppel B.* 1. *Phil. Ev.* 226, 227. 3 *East* 346. 17 *Mass.* 365, 432, to shew that it was conclusive on the tenant as a privy in estate. But if not, yet it went as one of the circumstances shewing a delivery of the deed, or the assent of *Cole* to *Porter's* possession of it as a conveyance.

The delivery of the deed by the referee, in the presence of *Cole,* he contended was an absolute delivery, not being qualified by any words of limitation or restriction. For without such express qualification, every delivery of a deed is taken to be absolute. *Com. Dig. Fait. a.* 3. *Shep. Touchst.* 58, 59. *Wheelwright v. Wheelwright* 2 *Mass.* 447. *Fairbanks v. Metcalf* 8 *Mass.* 230. *Hatch v. Hatch* 9 *Mass.* 307. *Goodrich v. Walker* 1 *Johns. Ca.* 250. And if it was not good at the time, it was made so by the subsequent ratification of *Cole,* in charging the consideration money as the price of property actually sold. *Co. Lit.* 295, *b.* 301, *a. Milliken v Coombs* 1 *Greenl.* 347. Of this title of the demandant, the tenant had sufficient notice to put a prudent man on his guard; and if he afterwards saw fit to take a deed, he took it subject to the demandant's title.

MELLEN, C. J. delivered the opinion of the Court at the ensuing term in Cumberland.

Several objections have been made to the decisions and instructions of the Judge who sat in the trial of this cause. We will give them a distinct consideration. 1. It is said there is a fatal variance between the count and the proof disclosed on trial; —that the count charges the tenant as the disseisor ; and it appears by the facts reported that he entered under a deed from *Daniel Cole* and that of course the count should have been in the *per*. Admitting this to be correct, the question is whether the objection is good under the general issue. And we apprehend it is not. The tenant by his plea admitted himself to be tenant of the freehold ; and as such has defended the cause ; claiming to hold the premises by title. In this view, the objection is merely a formal one ; it is founded on the principle that, though he may be liable to a judgment on the merits, still he is not liable to the demandant in the precise character and form of counting, which the record discloses. Such an objection is in its very nature in abatement, and so should have been pleaded. A tenant may have entered, claiming title under a deed not recorded. How is a demandant to know this, and frame his count accordingly, but from information of the tenant ? If he wishes to avail himself of the exception, he may plead it in abatement, and therein give the demandant a better writ, by stating how and in what character he entered. Every principle of policy and justice requires an adherence to this course of proceeding, to prevent that delay and expense which might be the consequence of permitting a tenant to lie by and conceal this objection, until he had found all other grounds of defence fail him ; and then by means of it, surprise and nonsuit a demandant. But we need not rely on mere reasoning. The law appears settled upon this point. Lord *Coke*, speaking of the writ of entry in the *quibus*, in the *per*, in the *per* and *cui*, and in the *post*, says, 'These are called degrees, which are to be observed ; or else the writ is abatable. See *Co. Lit.* 238. *b. Rast.* 249 *a. Booth* 179, and *Stearns* on real actions 173. This objection, therefore, cannot be sustained. 2. The second

is that the demandant's title deed from *Daniel Cole* was never delivered, and so never had any legal operation. The report states "that on a certain reference in 1809, between said *Porter* and " *Daniel Cole*, said deed was left with the referees on the ex- " press condition only that it should be delivered to said *Porter* if " the report of the referees was accepted and became a settle- " ment of all demands between them." But on *Porter's* objection it was set aside. However, prior to its rejection, " one of the " referees delivered said deed to said *Porter*, in the presence of " said *Cole.*" It is evident that the above condition was annexed for *Cole's* benefit and therefore he might at his pleasure waive it, and assent to the delivery of the deed before performance of this condition; and upon such a delivery it would at once become the deed of *Cole.* At the time the deed was so handed to the demandant by the referee, *Cole* must have known that the report was not, and could not have been accepted. Under such circumstances his presence and silence may well be considered as his assent, in the absence of all explanatory proof and evidence of improper conduct on the part of *Porter* in obtaining it. It may be supposed that he anticipated no objection; and thus assented to a delivery of the deed before acceptance of the report. If such was the fact, he cannot now recall his assent, and destroy the efficacy of his own deed, because he reposed his confidence unwisely and was deceived.

But without placing the decision of the cause merely on this ground, we think the after transactions disclosed in the report clearly shew the correctness of the judge's instructions to the jury, as to the operation of *Cole's* action and recovery of judgment against *Porter* for the price of the very day in the saw-mill conveyed by said deed; and payment of that judgment. There is nothing mysterious in the law on this subject, nor any thing magical in the formal delivery of a deed from the hand of the grantor to the hand of the grantee. If, without any form or ceremony, it reaches the possession of the grantee by the consent of the grantor, it is sufficient for all legal purposes. So, if the grantee takes the deed without the consent of the grantor, to-day, and to-morrow he discovers the fact, and then informs the gran

tee that he may retain it to his own use, we should be sorry to believe that the law could not and would not sanction the transaction as a good and effectual delivery of the deed. We are all of opinion that as *Cole*, by the charges in his account, relating to the day in the mill, considered it as sold by him to *Porter*, and as he recovered the price of him, he thereby assented to consider the deed as lawfully in the hands and possession of *Porter*, and as having the operation of a legal conveyance of the property therein described. It is true that the counsel for the tenant has objected to the admission in evidence of a copy of the record of the above suit and judgment, but such an objection cannot be sustained. Parol proof would not have been admitted, to establish these facts; nothing short of the record was proper; it was admissible, though not conclusive. It is not a case within the principle of *res inter alios acta.* A similar objection was made and overruled in *Henderson vs. Seavy* 2 *Greenl.* 139.

The last objection to the verdict is that the deed from *Daniel Cole* to the tenant, though executed long after that from said *Cole* to the demandant, was registered before it, and that therefore the better title to the demanded premises was in the tenant; but the jury have decided that the tenant had knowledge of *Porter's* conveyance from *Daniel Cole*, before he received his own deed from him; and therefore the demandant's title deed has the priority, unless the cases relied on by the counsel for the tenant have established principles which require us to draw a different conclusion. It is contended that the principle of the decision in *Farnsworth v. Child* 4 *Mass.* 637 is applicable to this. In that case the second purchaser, two years before he received his deed, had read the deed from the same grantor to the demandant; and the court decided that after so long an interval, the tenant might well presume that there had been a reconveyance ; and that in consequence of that, the orginal grantor had always remained in possession; that is, the court considered that the legal effect of notice two years before, had ceased, for the reasons mentioned. There the grantor's continued possession was notorious and uninterrupted ; but in the case before us, the possession of one day in a saw-mill is of such a peculiar character as to

exhibit to third persons no distinct *indicia* ; such is the nature of the property and the mode of its use and enjoyment.   Besides, it appears that the demandant's possession under his deed was not interrupted till *May* 1819, when *Daniel Cole* took possession of said day in the mill, and kept it till he sold the same to the tenant ; who neglected also to register his deed for nearly five years ; though he complains of *Porter* for his neglect of a similar nature.   But though the demandant's deed was not registered when the tenant received his deed, yet the jury have found that in the *June* preceding its date, the tenant was distinctly informed by *Staples* that the demandant had a deed of the said day in the mill of *Daniel Cole*, and had paid him for it, and the tenant was advised not to get into any difficulty about it.   The law requires no particular mode of notice.   In *Connecticut v. Bradish*, *Jackson J.* says, " a person who takes a conveyance of " land, with knowledge, that the grantor had previously convey- " ed it to another, cannot hold it against the first purchaser."— So in *Trull v. Bigelow* 16 *Mass.* 418.   *Parker C. J.*  says, " a " second purchaser shall not set up a title under a registered " deed, against the first purchaser, whose deed was not regis- " tered, if he had knowledge of the prior conveyance."   To this point also see *Davis v. Blunt* 6 *Mass.* 487, *Prescott v. Heard* 10 *Mass.* 60.   The case from *Vesey* differs from this in several circumstances : it was a decision in chancery: whereas the numerous decisions in the court of Massachusetts have settled the principles of law upon the subject ; and those principles should be our guide.   The great object is to prevent the success of fraud.   No reasons appear in the case why the two deeds in question remained so many years unregistered ; if one had any personal reasons for the omission, so might the other have had. We are not to impute improper motives to either.   The jury have found, that, though *Porter's* deed was not registered, when the tenant received his deed ; still that it was known to him to exist ; and that *Porter* had paid for the property conveyed by that deed ; and this knowledge being distinctly proved, the legal consequence is that the demandant's title is better than the tenant's, and therefore there must be

*Judgment on the verdict*