## KENT & al. vs. PLUMMER.

If land be attached on mesne process, and afterwards the creditor have notice of a prior conveyance made by the debtor, yet such notice does not impair or affect the lien created by the attachment.

If land be conveyed to *A* whose deed is not recorded; and he gives bond to *B* to convey the same land to him upon certain conditions; and in the meantime *B* enters into and occupies the land, with the consent of *A*; such occupancy is implied notice of title, and will protect the land against an attachment by the creditor of *A*'s grantor.

IN this case, which was a writ of entry against *Joseph Plummer,* and came before the court upon a case stated by the parties, the facts appear in the opinion of the court, which was delivered by

PARRIS J. The facts, placed in chronological order, are these. On the 10th of *March* 1823, *Eli Nelson,* then the undisputed owner of the demanded premises, for a valuable consideration conveyed the same to one *Nathan Plummer* in fee.

On the 13th of *May* 1826, the demandants caused the same premises to be attached as the property of said *Nelson,* in their suit against him. On the 27th of *September* 1826, *Nelson's* deed to *Nathan Plummer* was registered.

In *April* 1827, the demandants recovered judgment against *Nelson,* and within thirty days, in due form, levied their execution on the land in question.

Thus it appears that the attachment of the premises was prior to the registry of the deed, but that the levy was subsequent to it. The question is whether the title of the demandants is defeated by express or implied notice of the deed from *Nelson* to *Plummer*. It is agreed that express notice of it was not given to the plaintiff's attorney until after the attachment; this therefore, cannot avail the tenant. The point was expressly decided in the case of *Stanley v. Perley & al.* 5 *Greenl.* 369. The court there say "the very object of an attachment is to bind the property attached. It is the incipient step towards acquiring a title; and if this step be fairly taken, and without notice of any existing conveyance from the debtor, it may be lawfully followed by a levy within thirty days after rendition of judgment, and the title be thus perfected; though at the time of the levy, the creditor may have such notice."

As to implied notice, the facts are these. On the day when the deed was given by *Nelson* to *Nathan Plummer*, he entered into the premises under his deed, and on the same day exchanged farms with *Joseph Plummer* the tenant, who conveyed his farm to *Nathan Plummer*, and received from him a bond for a deed of conveyance to the tenant of the premises demanded; and on that day, or a few days after, he took possession of the same, and has ever since remained in the quiet and peaceable possession, and during all that time has occupied and improved the same. Judge *Trowbridge*, 3 *Mass.* 575, says, "if one seised in fee of land, for a valuable consideration, by deed bargains and sells the same to another in fee, the deed gives the bargainee a right to enter, and when he enters by force of that right, he then is possessed of the land, and complete tenant in fee; and such entry being followed by a visible improvement of the land and taking the profits thereof, is such an evidence of an alteration of the property as will amount to implied notice."

The same principle is recognized and established in the following cases. *Farnsworth v. Child*, 4 *Mass.* 637; *Prescott v. Hurd*, 10 *Mass.* 60; *Marshall v. Fisk*, 6 *Mass.* 24; *Davis v. Blunt*, *ib.* 487; *Priest v. Rice*, 1 *Pick.* 164; *Newhall v. Pierce*, 4 *Pick.* 450; *Hurd v. Cushing*, 7 *Pick.* 169; *McMahan v. Griffin*, 3

*Pick.* 149.   An attaching creditor, without notice, stands on the same ground as a second purchaser.

So far as it respects the principle of implied notice from change of property and possession, we do not perceive any ground for distinguishing the possession and improvement of the tenant under his exchange of farms, and the bond given him for a deed, from such possesion and improvement under a deed from *Nathan Plummer* to him, had such a deed been given.   He was the rightful possessor under the exchange, with an assurance for, and a right by a bill in equity to obtain the conveyance of the legal title.   In legal operation, we think, the facts present the defence on the same ground as if *Nathan Plummer* were the defendant in this action, and had occupied and improved the premises to the present time, in the same manner as the tenant has held them since he entered.

*A nonsuit must be entered.*

*Wood,* for the demandants.

*Barnard,* for the tenant.