The facts reported by the judge, as proved at the trial, suffi cieutly appear in the following opinion of the Court, which was delivered by
Parsons, C. J.
The motion is to set aside the verdict, because it was given against evidence and the direction of the Court in a matter of law.
From the judge’s report it appears that, in 1791, John Hankerson was seised in fee of the premises; that he was in the actual possession of the same in that and the two succeeding years, living in a house which he had erected thereon; that, on the 12th day of October, 1792, he mortgaged the premises in fee to Mary Hussey, by a deed acknowledged on that day, and recorded two days after ; that Mary Hussey, by a deed dated July 25, 1798, acknowledged February 12, 1799, and recorded September 24, in the same year, conveyed the premises, in fee simple, to Amos Stoddard, who, on the 6th day of September, 1799, conveyed the same in fee to the defendant. This was the evidence offered to the jury to prove that Stoddard was, on the 6th of September, 1799, seised in fee simple of the premises.
To encounter this title in Stoddard, the plaintiff gave in evidence a deed from Hankerson to Samuel Norcross, Senior, which is without a regular date, but the grantee “ is to have the land from this date, 1791.” This deed was acknowledged February 23, 1793, and recorded the 26th of March following. If any estate * was conveyed by this deed, it was only an [ * 508 ' estate during the life of Noixross, the grantee, who was proved to have died above five years before the trial.
*456 As the deed to S'. Norcross was not recorded until long after the registering of the deed to M. Hussey, it cannot impeach her title, unless the deed to her was fraudulent against the first purchaser.
The provision of the statute for registering conveyances is to prevent fraud, by giving notoriety to alienations. But if the second purchaser has notice of the first conveyance, the intent of the statute is answered, and his purchase afterwards is a fraudulent act. This notice may be express, or it may be implied from the first purchaser being in the open and exclusive possession of the estate under his deed. (a)
In this case, it is not pretended that Hussey had any express notice of the sale to S. Norcross; and there is no evidence of implied notice, for the plaintiff’s witness proved that, when the second deed was executed, Hankerson was on the premises, living in a house he had there erected.
It appears from the judge’s report that S. Norcross, before the execution of the deed from Hankerson to Hussey, had built a- house on the premises, in which he lived. It may be thought that, admitting his possession was concuirent with Hankerson’s when the deed was executed to Hussey, yet, as there is no evidence that Hankerson lived on the land when Hussey sold it to Stoddard, the continuance of S. Norcross’s possession to the time when Hussey conveyed was a disseisin of her, and so nothing passed by her deed to Stoddard. This reasoning is certainly insufficient to defeat Hussey’s conveyance; for if S. Norcross’s concurrent possession at the time of the second conveyance was not sufficient to defeat it, his continuance of that possession cannot amount to a disseisin, because it cannot be considered as an entry upon the land and an ouster of the owner. (b)
The verdict is therefore founded upon a manifest mistake, and must be set aside.
We would observe that, the statute requiring the regis[*509] try of conveyances * being so very beneficial, and it being so easy to conform to it, — when a prior conveyance, not recorded until after one of a subsequent date, is attempted *457 to be supported on the ground of fraud in the second purchaser, the fraud must be very clearly proved.
Mellen and Perley for the plaintiff.
The Solicitor- General and Wilde for the defendant.
If the first conveyance to S. Norcross was good against the second purchaser, yet, as N. Norcross had but an estate for his life, the reversion passed, by the second conveyance, to Hussey, and from her to Stoddard, from Stoddard to the defendant, and from him to the plaintiff’s testator. If S. Norcross had been living at the time of the verdict, the damages should have been only the value cf his life estate. As he was then dead, the damages were mere.y nominal.

A new trial was ordered.

 Reading of Trowbridge, 3 Mass. Rep. 573. — Pidge vs. Tyler & Al. 4 Mass. Rep. 541. — Fansworth vs. Child, 4 Mass. Rep. 637. — Dudley vs. Sumner, 5 Mass. Rep 438. — Marshall vs. Fisk, 6 Mass. Rep. 24. — Davis vs. Blunt, 6 Mass. Rep. 487.— Prescott vs. Heard, 10 Mass. Rep. 60.—Commonwealth vs. Dudley, 10 Mass. Rep. 403. — Brown vs. Maine Bank, 11 Mass. Rep. 153. — State of Connecticut vs. Bradish, 41 Mass. Rep. 296. — Sed vide M'Neil vs. Cahill, 2 Bligh, 228. — Doe vs. Alsop, 5 B. & A. 142; and note to Prescott vs. Head, 10 Mass. Rep. 64, 3d ed.

 Vide Langton vs. Potter & Al. 3 Mass. Rep. 215. — Johnson vs. Carter, 16 Mass. Rep. 443. — Codman vs. Winslow, 10 Mass. Rep. 146. — Commonwealth vs. Dudley, 18 Mass. Rep. 403. — Brimmer vs. Proprietors Long Wharf, 5 Pick. 131.- Rust vs. Boston Mill Corpn. 6 Pick. 158.