Parsons, C. J.
Upon this case, the plaintiff moves for judgment upon the verdict, because one of the judgment creditors of the grantor well knew, before the execution was levied, that the close had been conveyed to the plaintiff, and the levy was therefore fraudulent, notwithstanding the plaintiff’s neglect to record his deed. On the other side, the defendant moves to set aside the verdict, because there was no evidence that James Brazer, the justice, ever knew what lands were conveyed by the deed, his attention having been wholly confined to the tenure created by it, whether it was or was not created by suitable words; that if it must be presumed that James, when he took the acknowledgment, knew that the close was conveyed to the plaintiff by the deed, yet as there was no apparent change of possession, the occupation being in fact by the grantor, he might well presume that the con veyance was rescinded by the parties, or the close reconveyed to the grantor, the occupier. But if the conveyance would be deemed good as against James, yet it should not affect William, the other partner, who, it is agreed, had no knowledge whatever of the con veyance; and as William must suffer if James suffers, neither ought to suffer by the loches of the plaintiff.
At common law, a freehold estate could not pass but by livery of *560 seisin, that the freeholders of the county might have notice of the conveyance. By a law of the colony of Massachusetts Bay (1641—2,) it was ordered that no alienation of any land, where the grantor remains in possession, shall be good against any persons but the grantor and his heirs, unless the deed be acknowledged [ * 639 ] before some magistrate, and * recorded by the cldrk of the County Court. Afterwards, by another law, it was ordered that no alienation of any lands shall be good, unless by deed executed by livery of seisin, unless the deed be acknowledged and recorded. Thus, under the old colony laws, conveyances of land might be made by deed executed, and seisin delivered, or •without livery of seisin, if the deed be acknowledged and recorded.
By the provincial statute of 9 Will. 3, c. 7, it was enacted that alienations of land by deed acknowledged and registered, should be good in law without any other legal ceremony. And that no alienation, unless made in that manner, should be legal, except against the alienor and his heirs. By this act, the common law conveyance by deed, with livery of seisin, was made void, except against the grantor and his heirs.
These provisions were reenacted by the statute of 1783, c. 37, § 4, now in force. In the construction of this statute, it has been held, that although the deed of conveyance be not acknowledged or registered, yet the conveyance to the first purchaser shall be good against a second purchaser, who had notice of the prior conveyance The registry of a deed was required, to give more general notice of the conveyance, than would result from livery of seisin, which was prescribed by the common law for the purpose of .notice. But if a second purchaser has, in fact, notice, the intent of the registry is answered ; and to permit him to hold against the first purchaser would be to convert the statute into an engine of fraud, instead of a protection against it.
And it has very reasonably been determined that notice to the second purchaser may be either express or implied. It is express, when knowledge of the prior conveyance has, in fact, been communicated to him. It may be implied from circumstance, as when the first purchaser is in possession claiming the land. For the offer by the original grantor to sell land not in his possession, but which is in possession of another claiming it, is sufficient to rouse suspicions of an intended fraud, and to induce an inquiry of the possessor respecting his title.
In the application of these principles in the present case, it is contended, by the plaintiff, that one of the judgment [ * 640 ] creditors * of the grantor had express notice of the prior sale, because he had read the deed of conveyance, *561 although for the purpose only of giving his opinion as to the form of it. It is certainly possible that a man requested to read a deed, to give an opinion whether it is well drawn, may overlook the description of the estate inténded to be conveyed, and fix his Attention only on the formal parts of the deed; and a jury, from all the. circumstances of the case, might infer this to be the fact. But as it is stated that he read the deed, we are bound to consider him as having knowledge of all the contents of the deed, not being at liberty, as a jury is, to make a different inference. ■
But it is said by the defendant, admitting the creditor once knew the contents of the deed by reading it two years before, that he had no reason to presume that the plaintiff’s estate remained in him, as the deed had lain by unrecorded, and there had been no apparent change of possession or occupation. This observation appears to have weight. The creditor’s debt was bonâ fide, and the lands of the grantor were liable to satisfy it. The grantee does not put his deed on record, and, for personal reasons, he permits the visible possession and occupation to remain in the grantor; and no reason is assigned why the deed is not recorded.
The words of the statute are, that a deed not acknowledged and recorded shall not be valid in law to pass the estate, but against the grantor and his heirs. We are willing to construe the words liberally, to guard against fraud, but not to the injury of a second purchaser. If the grantee had entered into possession, the notice of the prior conveyance must have been considered as a continuing notice. But when the grantor remains in possession for a long time, during which the grantee might have recorded his deed, but does not do it, it would be unreasonable to defeat the subsequent title of a judgment creditor, by imputing to him a fraud ; because he might well presume, from the length of time that the deed had remained unrecorded, either that it was not bona fide, or that it had been cancelled, or that the estate had been reconveyed ; and if the first purchaser suffers, it is owing entirely to his own neglect.
* When express notice of a conveyance, not accompa- [ * 641 ] nied or followed by a change of actual possession, is given to any person, and he shall soon after levy his execution upon the estate, as the property of the grantor, or take a second conveyance from him, before the grantee has had a reasonable time to put his deed upon record, according to the usage of prudent purchasers, who carry or send their deeds to the registry the first convenient opportunity', we are willing to relieve the first grantee against the rigor of the words of the statute, by imputing fraud to the second purchaser; but we cannot go further against the words of the statute, *562 to protect him from his own loches. If the grantee had taken visible possession of the estate before the levy, or the second purchase, the case would rest on different principles, and would receive a different decision.
It is, then, our opinion that the plaintiff must abide by the letter of the statute, and is not entitled to be relieved against it by any construction of the common law. Consequently the verdict must be set aside, and a general verdict entered for the defendant, on which he may have judgment (a)

 [See, ante, Pidge vs. Tyler, 541.— Wells vs. Prince, 68.— Marshall vs. Fiske 6 Mass. Rep. 24. — Davis vs. Blunt, 6 Mass. Rep. 487. — Prescott vs. Hurd, 10 Mass. Rep. 60. — Brown vs. Maine Bank, 11 Mass. Rep. 153. — State of Connecticut vs. Bradish, 14 Mass. Rep. 296. — Warden vs. Adams, 15 Mass. Rep. 233. — Cushing vs. Hurd, 4 Pick. 253. — But see Robinson vs. Alsop, 5 B. & Ald. 142, and note to Prescott vs. Hurd ubi sup. — Ed.]