Mr. Justice Richardson
delivered the opinion of the court.
The act of 1785, (Grimke, P. L. 381,) after directing how, when and where conveyances of land shall be recorded, proceeds thus ; “And if any deed or other'conveyances shall not be recorded within the respective times before mentioned, such deeds, &c. shall be valid only as to the parties themselves and their heirs; but shall be void and incapable of barring the right of persons claiming as creditors, or under subsequent purchases, recorded in the manner hereinbefore described.”
The first question which arises then is, whether the conveyance of the land in question made by the grantor Hughes to, John Smith, ■ having never been recorded, is void as to Deer, the subsequent purchaser ?
The conveyance to John Smith, though not recorded, was well known to Deer. The object of the act of 1785, was to prevent subsequent purchasers from being defrauded in their purchases of lands by reason pf prior conveyances remaining unrecorded and concealed. The important end of the act was to give notice of prior sales to subsequent purchasers, in order to keep them upon their guard, and to save them from the purchase of lands already conveyed to another person.
Whenever the subsequent- purchaser has received actual notice of the former conveyance, the end in view has been answered. If, with a knowledge of the former conveyance, he will still purchase the land, he commits an act of folly or dishonesty, he must either intend to give away the consideration money, or to defraud the former purchaser of the land, which he knows to have been fairly purchased by him. To permit him to do so, would be to pervert the character of the law, and to make it an engine of fraud instead of a safeguard against it.
Whenever then the subsequent purchaser has received explicit notice of the former conveyance, such conveyance, though unrecorded, will be valid, legal, and effectual *269 against the subsequent conveyance of such purchaser, though recorded in due time.
This construction, though not drawn from the letter of the act, is warranted by adjudications upon similar acts.— (4 Mass. Rep. 637. 2 Com. 705. 10 East, 3S0.) And is backed and supported by arguments of convenience and policy, while its positive call upon the subsequent purchasers to reciprocate the good faith required of others for his benefit, plainly recognizes the true spirit of the act itself, and is therefore satisfactory.
The second question is, whether the notice to Deer will, in like manner postpone to the claim of John Smith, -the rights of the plaintiff Tart under his conveyance of the land from Deer ? In other words, is the notice to Deer the same as notice to Tart ?
Here, a very different rule of great justice and convenience must govern ; which is, that where a title to any property is genuine, l^gal and effectual upon the face of it, any secret fraud, however destructive of tlie title of a party to the fraud, yet such secret fraud cannot infect and weaken the title of a purchaser for valuable consideration, and of good faith, who is totally ignorant of, and without the means of discovering the fraud.
This rule has been well considered, and recognized in the cases of Reaborne vs. Teasdale, and Teasdale vs. Atkinson, (2 Bay 546.) In the former, the title of Reaborne to certain negroes washolden to be void, because fraudulent. In the latter, the same court held the same title valid when transferred to Atkinson, because he was a purchaser for valuable consideration, and ignorant of the fraud; though in point of fact the fraud was equally proved in both these cases. See also 10 Johnson, 185. 2 Fonb. 74.
Such was the situation of Tart; the title of Deer was genuine, and in appearance legal and effectual. Tart had no explicit notice of the prior conveyance to John Smith, and had given a valuable consideration for the land. A skilfull and circumspect man would have deemed the title of Deer perfect. It was perfect but by reason. *270 of Deer's secret knowledge of the unrecorded conveyance of Hughes to Smith. Tart, if he really knew this secret, would have been in the same situation as Deer; but his title cannot be weakened by the notice to Deer alon'e.
C. Mayrant, for the motion.
Drvin, contra.
In this respect then, the charge "to the jury was founded in mistake ; and anew trial is therefore ordered, at which it may be ascertained whether Tart as well as Deer had notice of the conveyance to John Smith.
justices Noit and Huger, concurred.