## LEONARD MORSE *vs.* IRVING CURTIS.

Middlesex.   Jan. 13. — Sept. 7, 1885.   COLBURN, J., absent.

The owner of land mortgaged it to A., and then mortgaged it to B., who had notice of the earlier mortgage, and who recorded his mortgage before the mortgage to A. was recorded. After both mortgages were recorded, B. assigned his mortgage to C., who had no actual notice of the mortgage to A. *Held,* on a writ of entry by A. against C., that C. had the better title to the land.

MORTON, C. J.   This is a writ of entry. Both parties derive their title from one Hall. On August 8, 1872, Hall mortgaged the land to the demandant. On September 7, 1875, Hall mortgaged the land to one Clark, who had notice of the earlier mortgage. The mortgage to Clark was recorded on January 31, 1876. The mortgage to the demandant was recorded on September 8, 1876. On October 4, 1881, Clark assigned his mortgage to the tenant, who had no actual notice of the mortgage to the demandant. The question is which of these titles has priority.

The same question was directly raised and adjudicated in the two cases of *Connecticut* v. *Bradish,* 14 Mass. 296, and *Trull* v.

*Bigelow,* 16 Mass. 406. These adjudications establish a rule of property which ought not to be unsettled, except for the strongest reasons.

It is true, that, in the later case of *Flynt* v. *Arnold,* 2 Met. 619, Chief Justice Shaw expresses his individual opinion against the soundness of these decisions ; but in that case the judgment of the court was distinctly put upon another ground, and his remarks can only be considered in the light of dicta, and not as overruling the earlier adjudications.

Upon careful consideration, the reasons upon which the earlier cases were decided seem to us the more satisfactory, because they best follow the spirit of our registry laws and the practice of the profession under them. The earliest registry laws provided that no conveyance of land shall be good and effectual in law " against any other person or persons but the grantor or grantors, and their heirs only, unless the deed or deeds thereof be acknowledged and recorded in manner aforesaid." St. 1783, *c.* 37, § 4.

Under this statute, the court, at an early period, held that the recording was designed to take the place of the notorious act of livery of seisin ; and that, though by the first deed the title passed out of the grantor, as against himself, yet he could, if such deed was not recorded, convey a good title to an innocent purchaser who received and recorded his deed. But the court also held that a prior unrecorded deed would be valid against a second purchaser who took his deed with a knowledge of the prior deed, thus engrafting an exception upon the statute. Reading of Judge Trowbridge, 3 Mass. 575. *Marshall* v. *Fisk,* 6 Mass. 24.

This exception was adopted on the ground that it was a fraud in the second grantee to take a deed, if he had knowledge of the prior deed. As Chief Justice Shaw forcibly says, in *Lawrence* v. *Stratton,* 6 Cush. 163, the rule is " put upon the ground, that a party with such notice could not take a deed without fraud , the objection was not to the nature of the conveyance, but to the honesty of the taker ; and, therefore, if the estate had passed through such taker to a *bona fide* purchaser, without fraud, the conveyance was held valid."

This exception by judicial exposition was afterwards engrafted upon the statutes, and somewhat extended, by the Legislature.

Rev. Sts. *c.* 59, § 28. Gen. Sts. *c.* 89, § 3. Pub. Sts. *c.* 120, § 4. It is to be observed that, in each of these revisions, it is provided that an unrecorded prior deed is not valid against any persons except the grantor, his heirs and devisees, " and persons having actual notice " of it. The reason why the statute requires actual notice to a second purchaser, in order to defeat his title, is apparent: its purpose is that his title shall not prevail against the prior deed, if he has been guilty of a fraud upon the first grantee; and he could not be guilty of such fraud, unless he had actual notice of the first deed.

Now, in the case before us, it is found as a fact that the tenant had no actual knowledge of the prior mortgage to the demandant at the time he took his assignment from Clark; but it is contended that he had constructive notice, because the demandant's mortgage was recorded before such assignment.

It was held in *Connecticut* v. *Bradish, ubi supra,* that such record was evidence of actual notice, but was not of itself enough to show actual notice, and to charge the assignee of the second deed with a fraud upon the holder of the first unrecorded deed. This seems to us to accord with the spirit of our registry laws, and with the uniform understanding of and practice under them by the profession.

These laws not only provide that deeds must be recorded, but they also prescribe the method in which the records shall be kept and indexes prepared for public inspection and examination. Pub. Sts. *c.* 24, §§ 14–26. There are indexes of grantors and grantees, so that, in searching a title, the examiner is obliged to run down the list of grantors, or run backward through the list of grantees. If he can start with an owner who is known to have a good title, as, in the case at bar, he could start with Hall, he is obliged to run through the index of grantors until he finds a conveyance by the owner of the land in question. After such conveyance, the former owner becomes a stranger to the title, and the examiner must follow down the name of the new owner to see if he has conveyed the land, and so on. It would be a hardship to require an examiner to follow in the indexes of grantors the names of every person who, at any time, through perhaps a long chain of title, was the owner of the land.

We do not think this is the practical construction which lawyers and conveyancers have given to our registry laws. The inconveniences of such a construction would be much greater than would be the inconvenience of requiring a person, who has neglected to record his prior deed for a time, to record it, and to bring a bill in equity to set aside the subsequent deed, if it was taken in fraud of his rights.

The better rule, and the one the least likely to create confusion of titles, seems to us to be, that, if a purchaser, upon examining the registry, find a conveyance from the owner of the land to his grantor, which gives him a perfect record title completed by what the law, at the time it is recorded, regards as equivalent to a livery of seisin, he is entitled to rely upon such record title, and is not obliged to search the records afterwards, in order to see if there has been any prior unrecorded deed of the original owner.

This rule of property, established by the early case of *Connecticut* v. *Bradish*, ought not to be departed from, unless conclusive reasons therefor can be shown.

We are therefore of opinion, that, in the case at bar, the tenant has the better title ; and, according to the terms of the report, the verdict ordered for the demandant must be set aside, and a *New trial granted.*

*P. H. Cooney*, for the demandant.

*E. S. Mansfield*, for the tenant.