FRANK M. KILLAM & another *vs.* ROBERT I. MARCH & others.

Middlesex.     May 4, 1944. — July 5, 1944.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Real Property*, Registered land: voluntary dealings after registration, unregistered document. *Landlord and Tenant*, Registration of lease. *Bona Fide Purchaser. Notice. Evidence*, Relevancy and materiality.

Under G. L. (Ter. Ed.) c. 185, §§ 46, 57, 71, a purchaser of previously registered land took subject to an unregistered lease for more than seven years of which he had actual notice, although it was not noted on his certificate of title.

One acquiring title to registered land with actual notice of an unregistered interest therein not noted on his certificate of title would not take his certificate "in good faith" within G. L. (Ter. Ed.) c. 185, § 46, so far as such interest was concerned.

A contract for the sale of real estate containing a reference to an outstanding lease held by a third person was admissible in a proceeding between the purchaser and the lessee on the issue whether the purchaser took title with actual notice of the lease.

BILL IN EQUITY, filed in the Land Court on July 27, 1943.

The case was heard by *Cotton*, J.

*B. G. Gilbert*, (*J. K. Jerome* with him,) for the plaintiffs.

No argument nor brief for the defendants.

SPALDING, J.   The plaintiffs, who are owners of a parcel of registered land, bring this bill in equity in the Land Court to remove a cloud from their title.   See G. L. (Ter. Ed.) c. 185, § 1 (k), as amended by St. 1934, c. 67, § 1. The case was heard by a judge of the Land Court who made findings of fact and an order for a decree, and pursuant thereto a decree was entered dismissing the bill, from which the plaintiffs appealed. [1]

The judge found the following facts.   On October 14, 1941, the plaintiffs, husband and wife, purchased a parcel of registered land in Melrose and became the holders of a

---

[1] On motion of the plaintiffs assented to by the defendants the bill was dismissed without prejudice as to the defendant Home Owners' Loan Corporation, mortgagee of the premises owned by the individual defendants.

certificate of title issued by the South Registry District of Middlesex County. It was noted on the certificate that the land was subject to a mortgage held by a bank and to sewer assessments; no other encumbrances appear.

The defendants own land lying easterly of and abutting on the premises of the plaintiffs. On the plaintiffs' land is a driveway leading to a garage; the defendants have been using both the driveway and the garage ever since the plaintiffs acquired their title. They claim the right to do so by virtue of a lease dated August 8, 1938, given to them by Alphonsus G. and Katherine A. MacDonald, the plaintiffs' predecessors in title. This instrument, which was acknowledged and under seal, purported to give to the defendants, for a period of twenty-five years, a demise of that part of the plaintiffs' premises on which the garage and driveway were situated. It was recorded with a plan on September 23, 1941, in the Middlesex South District Registry of Deeds but was not registered in the land registration division thereof.

The judge found that prior to October 14, 1941 (the date when the land in question was acquired from the MacDonalds), the "plaintiffs had actual notice of the lease held by the defendants on part of the premises . . . and that the plaintiffs . . . [were] not holders for value without notice thereof." Since the evidence is not before us, we can consider only whether the specific facts found are as a matter of law inconsistent with this conclusion. *McCarthy* v. *Lane*, 301 Mass. 125, 127. We find no such inconsistency and this finding must stand.

The question presented for decision is this: Does one purchasing registered land take subject to an unregistered lease for more than seven years if he has actual notice of it? The trial judge held that he does and we think he was right. It appears that this question has never been decided in this Commonwealth although similar questions in the case of unregistered land have been passed on many times.[1]

---

[1] *Norcross* v. *Widgery*, 2 Mass. 506, 508. *Farnsworth* v. *Childs*, 4 Mass. 637, 639. *Priest* v. *Rice*, 1 Pick. 164. *Adams* v. *Cuddy*, 13 Pick. 460, 464. *Flynt* v. *Arnold*, 2 Met. 619, 622. *Sibley* v. *Leffingwell*, 8 Allen, 584. *White* v. *Foster*, 102 Mass. 375, 380. *Morse* v. *Curtis*, 140 Mass. 112. *Wenz* v. *Pastene*, 209 Mass. 359. *McCarthy* v. *Lane*, 301 Mass. 125, 128. See also G. L. (Ter. Ed.) c. 183, § 4, as amended by St. 1941, c. 85.

In considering this question we place no reliance on the fact that the lease was recorded in that section of the registry of deeds that had to do with unregistered land. Such a recording could not affect registered land in view of G. L. (Ter. Ed.) c. 185, § 71, which provides that "Leases of registered land for a term of seven years or more shall be registered in lieu of recording." See also G. L. (Ter. Ed.) c. 185, §§ 57 and 59. The trial judge did not deal with the case as one where there was constructive notice but treated it as one where there was actual notice, and we shall deal with it on that basis.

General Laws (Ter. Ed.) c. 185 (originally enacted as St. 1898, c. 562), providing a system for the registration of land titles, contains provisions relative to the original registration of land (§§ 26–45) and also provisions relative to transfers or dealings with land subsequent to the original registration thereof. The instant case does not require us to consider the conclusiveness of an original decree of registration obtained by an owner with actual notice of an outstanding interest in another where such interest has not been included in the owner's certificate of registration. We are concerned here only with the conclusiveness of a certificate of registration acquired by purchase subsequent to original registration where the purchaser at the time he acquired his title had actual notice of a prior unregistered interest.

The provisions of the act that bear most directly on this issue are §§ 46 and 57, the material portions of which are as follows: "Section 46. Every petitioner receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land taking a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those noted on the certificate" and certain stated encumbrances not herein material. "Section 57. An owner of registered land may convey, mortgage, lease, charge or otherwise deal with it as fully as if it had not been registered. . . . But no deed, mortgage or other voluntary instrument, except a will and a lease for a term not exceeding seven years, purporting to

convey or affect registered land, shall take effect as a conveyance or bind the land, but shall operate only as a contract between the parties, and as evidence of authority to the recorder or assistant recorder to make registration. The act of registration only shall be the operative act to convey or affect the land."

It should be noted that § 46 provides that, in order for a subsequent purchaser to "hold . . . free from all encumbrances except those noted on the certificate," he must take the "certificate of title for value and in good faith." Section 57, however, speaks of the "act of registration only" as "the operative act to . . . affect the land" and considered with § 71, requiring the registration of all leases for more than seven years, seems to point to a conclusion that in no event can a party claim a leasehold interest for more than seven years in registered land where the lease has not been registered. This view finds some support in a statement by Holmes, C.J., in *Tyler* v. *Judges of the Court of Registration*, 175 Mass. 71, where it was said at page 81 in speaking of transfers or dealings subsequent to the original registration, "It must be remembered that at all later stages no one can have a claim which does not appear on the face of the registry. The only rights are registered rights." In *Malaguti* v. *Rosen*, 262 Mass. 555, at page 568 it was said, "Persons dealing with the land in the future [after original registration] may rely on the files at the registry and the interests of no one require changes in the records. G. L. c. 185, §§ 58, 114." But in neither the *Tyler* nor the *Malaguti* case was the question now under consideration before the court, and therefore we do not consider them as binding authorities in this respect. See *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343.

In construing the sections of c. 185 under consideration certain well settled principles of statutory construction should be kept in mind. Where several sections of a statute are under consideration they "must, if reasonably possible, be interpreted so as to be harmonious and not contradictory, and all the words of each given some practical effect." *Moloney* v. *Selectmen of Milford*, 253 Mass. 400,

402. *Commissioner of Banks* v. *McKnight*, 281 Mass. 467, 472. "The legislative intention in enacting the statute must be ascertained, 'not alone from the literal meaning of its words, but from a view of the whole system of which it is but a part, and in the light of the common law and previous statutes on the same subject.' *Armburg* v. *Boston & Maine Railroad*, 276 Mass. 418, 426." *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 644.

An inquiry into the origin and development of the recording acts in this Commonwealth, prior to the enactment of St. 1898, c. 562 (now G. L. [Ter. Ed.] c. 185), the land registration act, discloses a uniform course of decisions to the effect that one acquiring title as the plaintiffs did with actual notice of the defendants' lease would take subject to it. The earliest recording act after the provincial period[1] was St. 1783, c. 37, § 4. This provided that no conveyance of land should be good and effectual in law "against any other person or persons but the grantor or grantors, and their heirs only, unless the deed or deeds thereof be acknowledged and recorded." This statute from its passage was held to mean that although an unrecorded deed passed title as between the grantor and the grantee it would not prevail as against a subsequent deed which was recorded. But if the second purchaser had notice of the prior unrecorded deed he took subject to that interest. Thus an exception was engrafted upon the statute. *Norcross* v. *Widgery*, 2 Mass. 506, 508. *Farnsworth* v. *Childs*, 4 Mass. 637, 639. *Priest* v. *Rice*, 1 Pick. 164. *M'Mechan* v. *Griffing*, 3 Pick. 149. *Adams* v. *Cuddy*, 13 Pick. 460, 464. *Lawrence* v. *Stratton*, 6 Cush. 163, 167.

It was said by Shaw, C.J., in the *Lawrence* case, at page 167, that this exception was "put upon the ground, that a party with such notice could not take a deed without fraud; the objection was not to the nature of the conveyance, but to the honesty of the taker; and, therefore, if the estate had passed through such taker to a bona fide purchaser, with-

---

[1] For a discussion of the provincial statutes see Reading of Judge Trowbridge, 3 Mass. 573; *Farnsworth* v. *Childs*, 4 Mass. 637; *Dudley* v. *Sumner*, 5 Mass. 438, 457–460.

out fraud, the conveyance was held valid." See also *Morse* v. *Curtis,* 140 Mass. 112; *Wenz* v. *Pastene,* 209 Mass. 359, 362.

When the Revised Statutes were compiled in 1836, St. 1783, c. 37, § 4, was substantially unchanged, and where they provided that no conveyance or lease for more than seven years should be valid "against any person other than the grantor and his heirs and devisees" unless it was recorded, there was added the clause "and persons having actual notice thereof." Rev. Sts. c. 59, § 28. This provision has been retained in all the subsequent revisions [1] and now appears in G. L. (Ter. Ed.) c. 183, § 4, as amended. In *Wenz* v. *Pastene,* 209 Mass. 359, it was said at page 362, "The additional words, 'and persons having actual notice thereof' incorporated in the Rev. Sts. c. 59, § 28, did not change the law, but merely put in statutory form what already had been declared by judicial exposition. *Lawrence* v. *Stratton,* 6 Cush. 163, 166. *Morse* v. *Curtis,* 140 Mass. 112, 113."

We are of the opinion that the provisions of G. L. (Ter. Ed.) c. 185 relating to transfers or dealings with land subsequent to registration, construed according to the language used and in the light of the foregoing historical background, compel the conclusion that the Legislature did not intend to give certificate holders such as the plaintiffs an indefeasible title as against interests of which they had actual notice. Any other construction would ignore the wording of § 46 which provides that one acquires registered land free from unregistered encumbrances if he is a purchaser for value and in "good faith." Although there are many differences between the two systems it is inconceivable that circumstances that would amount to bad faith with respect to unregistered land, namely, acquiring title with notice of an unrecorded interest, would constitute good faith in the case of registered land. Section 71 requiring leases of more than seven years to be registered and § 57 to the effect that the "act of registration only shall be the operative act to convey or affect the land" must be construed together with § 46.

---

[1] Gen. Sts. c. 89, § 3; Pub. Sts. c. 120, § 4; R. L. c. 127, § 4.

There is no merit in the plaintiffs' exception to the admission of the purchase and sale agreement between the plaintiffs and their predecessors in title. There was inserted in this agreement a reference to the lease with the defendants. This was clearly admissible on the issue of notice.

The final decree dismissing the bill is affirmed with costs.

*So ordered.*