COMMONWEALTH *vs.* JOHN A. CROSBY, JUNIOR.

Norfolk.   May 6, 1952. — May 27, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Lord's Day.   Motor Vehicle,* Operation.

There was a violation of G. L. (Ter. Ed.) c. 136, §§ 5, 6, as amended, by
the operation of a motor truck on a public way in Massachusetts at
1:15 P.M. on a Sunday in 1951 in the course of transporting gasoline
for hire from a Massachusetts city to Rhode Island in the absence of
any emergency.

COMPLAINT, received and sworn to in the District Court
of Western Norfolk on July 19, 1951.

Upon appeal to the Superior Court, the case was tried
before *Gadsby,* J., a District Court judge sitting under statu-
tory authority.

In this court the case was submitted on briefs.

*Raymond E. Bernard & Maurice B. Lynch,* for the de-
fendant.

*Edmund R. Dewing,* District Attorney, *& Sturtevant Burr,*
Assistant District Attorney, for the Commonwealth.

LUMMUS, J.   This is a complaint alleging that the de-
fendant at Wrentham on July 15, 1951, operated a "gas
truck" on a public way on the Lord's day in violation of
G. L. (Ter. Ed.) c. 136, § 6.   The evidence was that on that
day at 1:15 P.M. he operated a "liquid tank unit drawn by a
tractor" on a public way in Wrentham, and that when
stopped he told a police officer that the tank unit contained

gasoline which he was transporting on behalf of his employer for hire from Revere to Providence, Rhode Island, and that the gasoline might just as well have been transported on the previous Saturday as on Sunday.

In the Superior Court the case was heard without jury, the defendant waiving his right to trial by jury. The defendant was found guilty, and the judge reported the case for the determination of the question whether the transportation of gasoline in the circumstances heretofore related constituted a violation of G. L. (Ter. Ed.) c. 136, §§ 5, 6, as amended.

Under G. L. (Ter. Ed.) c. 136, § 5, "any manner of labor, business or work, except works of necessity and charity," is forbidden on the Lord's day. One of the exceptions to that general prohibition recognized by § 6 is "the operation of motor vehicles." This exception originated in St. 1914, c. 757, § 1. It is true that the act of the defendant was literally the operation of a motor vehicle. But there is another statutory provision that must be considered. By St. 1950, c. 681, another exception to the general prohibition was created, that of "the transportation of general commodities by motor truck or trailers, then engaged in interstate commerce before eight o'clock in the forenoon and after eight o'clock in the evening." The further exception, "in the event of an emergency between the aforesaid hours," is not applicable because the judge rightly found in accordance with the evidence that no emergency existed.

The statute of 1950 impliedly makes unlawful the transportation of commodities between 8 A.M. and 8 P.M. on the Lord's day, in the absence of emergency. It is inconsistent with any right to transport them all day on the Lord's day, under the provision permitting "the operation of motor vehicles" on the Lord's day. Both the statute of 1950 and the earlier statute are to be construed together so that they will be harmonious and not conflicting, all the words of each being given some effect. *Bolster* v. *Commissioner of Corporations & Taxation*, 319 Mass. 81, 84–85. *Killam* v. *March*, 316 Mass. 646, 649–650. *Libby* v. *New York, New Haven &*

*Hartford Railroad,* 273 Mass. 522, 526. *Commonwealth* v. *McCaughey,* 9 Gray, 296, 297. We think that on the evidence the defendant was doing an illegal act on the Lord's day.

*Judgment on the finding.*