FREDERICK ABDULLA & another *vs.* HAROLD G. NABHAN & others. Feb-
ruary 4, 1977. 1. Assuming, as the defendants contend we should, that
the building which was built in the early 1940's, acquired by the de-
fendants in 1962, and destroyed by fire in 1971 overhung the locus by
approximately five feet and that the plaintiffs knew of that fact when
they purchased the locus in 1954, it does not follow that the defend-
ants were entitled as of right to rebuild the overhang after the fire.
As the locus was registered land, no easement to maintain the over-
hang could have arisen by implication or prescription. *Dubinsky* v.
*Cama,* 261 Mass. 47, 58 (1927). *Goldstein* v. *Beal,* 317 Mass. 750, 757,
758-759 (1945). See also *Peters* v. *Archambault,* 361 Mass. 91, 93-94

---

[1] See now the second paragraph of G. L. c. 40A, § 17, as appearing
in St. 1975, c. 808, § 3.

Rescript Opinions.

(1972). The cases relied upon by the defendants, *Killam* v. *March,* 316 Mass. 646 (1944), and *Butler* v. *Haley Greystone Corp.* 347 Mass. 478 (1964), are limited in their application to a prior conveyance of an interest in registered property which, although not appearing in the decree of registration or the certificate of title, has come to the actual notice of a later grantee of the registered property at the time of the conveyance to him. We need not reach the question whether, if there had been an easement before the destruction of the prior building in 1971, it was thereby terminated. See *Cotting* v. *Boston,* 201 Mass. 97, 101-102 (1909). 2. Absent laches (no prejudice to the defendants having been shown) or estoppel (clearly inapplicable in view of the judge's finding that the plaintiffs notified the defendants prior to the construction of the present building that they did not want the overhang to extend over the locus), the overhang was properly ordered removed. *Goldstein* v. *Beal, supra,* at 757-758. *Peters* v. *Archambault, supra,* at 92-94. 3. The judge did not abuse his discretion in denying the continuance.

*Judgment affirmed.*

*David Berman* for the defendants.
*Joseph A. Miragliotta,* for the plaintiffs, submitted a brief.