CARL FELDMAN & another[1] *vs.* MILTON SOUZA & another.[2] No. 88-P-500. May 24, 1989. *Real Property*, Easement; Certificate of title; Registered land: easement. *Easement*.

Together with a parcel of registered land, the Feldmans in 1965 acquired an easement "to use for all purposes for which streets and ways are ordinarily used" an adjoining way fifty feet wide shown on the original registration plan. That easement was registered and noted on the Feldman's transfer

---

[1] Irma Feldman.

[2] Emily Souza.

certificate of title. The easement was not registered as such in the memorandum of encumbrances on the original certificate of title of the grantors, doubtless because the easement had been incorporated in the deed which had been registered, although some mention of the accompanying easement or, at least, a reference to "other rights" should have been noted. During the ensuing year, the Feldmans built a house on their lot and a driveway from their garage oriented to the easement strip. They paved some twelve feet into and thirty-five feet along the easement strip and used it as their access to the street.

In 1986, the Souzas entered into an agreement to buy a lot of registered land which included the strip of land in which the Feldmans had been granted an easement and which they used as vehicular access. Before the Souzas actually acquired their new lot they employed a surveyor to stake the boundaries. Carl Feldman saw the surveyor's stakes and a day or so later informed Milton Souza that the latter's stakes were on an easement which he, Feldman, had acquired when he had acquired his property. Souza was, thus, put on notice of the Feldman claim to an easement. On the original registration plan (the "A" plan) and subsequent revisions (the last included in the record is an "F" plan dated March 15, 1974), there appears a strip fifty feet wide with flares where it meets the public street, Highcrest Road. As drawn, the strip looks like a right of way, although it is not so labelled. Souza inquired of the person from whom he proposed to buy, who had also been one of the two cograntors to the Feldmans twenty years earlier, whether there was any easement over the land northeasterly of the Feldmans in their favor. The answer Souza received was that there was none. Within a month Souza closed on the acquisition of the adjoining parcel. In due course he was issued a transfer certificate of title which was silent as to an easement for the benefit of the Feldman lot.

Virtually all the facts recited (a few come from Land Court plans) are those found by a judge of the Land Court, and we accept them unless clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). The occasion for those findings was a complaint brought by the Feldmans under G. L. c. 185, § 114, demanding that the easement in their favor be noted on the Souzas' certificate of title. The judge, after a trial at which he heard testimony and received fifteen documents as exhibits, concluded that the Feldmans' easement, as first granted in 1965, was binding upon the Souzas and ordered the relief sought. The Souzas have appealed. We affirm.

As grantees of registered land, the Souzas argue, they were entitled to rely on the absence of mention of the easement in question on their grantor's certificate of title; the Feldmans should be remitted for relief to an action against the assurance fund of the Land Court. G. L. c. 185, §§ 99-109. It has been the rule for forty-five years, however, that if the purchaser of registered land has notice of the existence of a way over his estate, that person takes the land subject to such an easement, even if it is not mentioned as an encumbrance in the grantor's certificate of title. *Killam* v. *March*,

316 Mass. 646, 648-651 (1944). *Anderson* v. *DeVries*, 326 Mass. 127, 131-132 (1950). *Butler* v. *Haley Greystone Corp.*, 347 Mass. 478, 485-486 (1964), *S.C.*, 352 Mass. 252 (1967). *Myers* v. *Salin*, 13 Mass. App. Ct. 127, 137 (1982). Those cases are based on the statutory requirement, contained in G. L. c. 185, § 46, that only a person who takes a certificate of title *in good faith* holds the land described in the certificate free from all encumbrances except those noted on the certificate.

There is support in the record for the judge's finding that the Souzas had notice of the Feldman easement and, hence, did not take their certificate of title in good faith. Although the Souzas insist that they relied on the record and the word of their grantor, they had been forewarned by the Feldmans' claim of easement and their active exercise of the easement rights which they claimed. Those facts, coupled with the appearance on a series of Land Court plans of what looked like a way, precisely where the Feldmans claimed they had rights, were sufficient to cause the Souzas to inspect the records of the certificate of title to the Feldmans. Such an investigation was hardly a herculean task and the Souzas cannot claim to be in good faith through having adopted a "hear no evil, see no evil" approach to the matter.

There is nothing to the argument made by the Souzas that the easement was extinguished by reason of cessation of purpose. See *First Natl. Bank* v. *Konner*, 373 Mass. 463, 468-469 (1977). Compare *Makepeace Bros.* v. *Barnstable*, 292 Mass. 518, 525 (1935). Their point is that the way was originally laid out to provide access to back land which their grantor proposed to develop. That development scheme was abandoned. In the meantime, however, the Feldmans were, as noted, actively exercising their easement and the owner of the servient estate could not unilaterally extinguish it. *Willets* v. *Langhaar*, 212 Mass. 573, 575 (1912). *Lemieux* v. *Rex Leather Finishing Corp.*, 7 Mass. App. Ct. 417, 421-422 (1979). *Brennan* v. *DeCosta*, 24 Mass. App. Ct. 968, 969 (1987). We have considered all the other points which the Souzas raise on appeal and do not think they deserve discussion.

*Judgment affirmed.*

*Bruce A. Assad* for the defendants.
*Abner Kravitz* for the plaintiffs.