Fishman, Kenneth J., J.

INTRODUCTION

This matter comes before this Court on two motions for summary judgment made by Butler Bank (“Butler”) , the plaintiff in this case. In its first motion, Butler seeks summary judgment against the defendant, Domenic Germano (“Germano”), on the issue of actual notice. In the second, Butler seeks partial summary judgment against the defendants, Nagui and Nadia Tawardos (“Tawardos”) on the same issue. Butler brought a number of civil actions, in the Superior *549 Court and in the Land Court, seeking to collect on various mortgages it claims were mistakenly released. The Chief Justice for Administration and Management of the Trial Court assigned all the cases to this Court for reasons of efficiency. Butler moves for summaiy judgment, claiming that the defendants knew of the outstanding mortgages when they took title. After hearing, and for the reasons discussed below, Butler’s motion for partial summaiy judgment is ALLOWED as to Germano, and DENIED as to Tawardos.

BACKGROUND

The summaiy judgment record reveals the following undisputed facts as to Butler’s action against Tawardos. On November 5, 1998, Presidential granted a mortgage to Butler on 1411 and Lot B of 1423 Andover Street, in Tewksbuiy. The next day, the mortgage was recorded, and those parcels were subdivided into lots 1-14 of Sheridan Lane. On December 28, 2000, Butler released its mortgage as to lots 6, 7, 8, 9 and 10. On Februaiy 20, 2001, the release for lot 7 was recorded. On September 27, 2002, Presidential deeded lot 7 to Sun Castles, Realty, Inc. The deed was recorded that day. On March 5, 2004, Sun Castles deeded the lot to Tawardos. That deed was recorded the same day.
Attorney Kevin Chenelle represented Tawardos in their purchase of Lot 7. Chenelle knew, as a result of conversations with bank officials prior to the closing, that Butler claimed a mortgage on the lot. Chenelle also knew, pursuant to a title report, that the mortgage had been released, and did not appear on the title certificate’s memorandum of encumbrances. Butler’s file memoranda indicate its knowledge of Chenelle’s position that the mortgage had been discharged, and that Peter DeGennaro had been involved in the conversations about the mortgage discharge. The same file memoranda indicate that Butler intended to release only a second mortgage and not the first mortgage at issue here. On March 3, 2004, two days before the closing, Chenelle obtained a copy of the release and faxed it to Butler, after a Butler official indicated surprise that the mortgage had been released. Before Butler responded, Chenelle and Tawardos proceeded to close on lot 7. Butler filed its Land Court action on May 4, 2004.
The summaiy judgment record also reveals the following facts as to Butler’s action against Germano. On September 27, 2002, Presidential deeded lot 9 to Sun Castles. The deed was recorded that day. On September 25, 2003, Sun Castles deeded lot 9 to Germano. This deed was not recorded until Januaiy 2, 2004. When he acquired the lot, Germano understood that there was a mortgage on it. Germano believed, pursuant to a conversation with DeGennaro, that it would be discharged imminently.

DISCUSSION

This Court applies the well-established rules of summaiy judgment. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 712-15 (1991); Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983).
Because the land in question is registered land, G.L.c. 185, §46 applies.[2] Under that statute, a person who takes a certificate of title for value and in good faith holds the land described thereon free from any encumbrances not listed on the certificate. However, as the Supreme Judicial Court observed in Jackson v. Knott, 418 Mass. 704, 711 (1994), unregistered interests may still cariy force if “there were facts described on his certificate of title which would prompt a reasonable purchaser to investigate further other certificates of title, documents, or plans in the registration system; or if the purchaser has actual knowledge of a prior unregistered interest.” Actual notice is a question of fact. McCarthy v. Lane, 301 Mass. 125, 128 (1938). “Actual notice” can be satisfied by “(s]omething less than positive personal knowledge of the fact of the conveyance.” Curtis v. Mundy, 3 Met. 405, 407 (1841). “Intelligible information of a fact, either verbally or in writing, and coming from a source which a party ought to give heed to, is generally considered as notice of it . . .” George v. Kent, 7 Allen 16, 18 (1863). “The term is to be construed with considerable strictness” and mere “ [k]nowledge of facts which would ordinarily put a party upon inquiry is not enough.” Tramontozzi v. D'Amicis, 344 Mass. 514, 517 (1962); see also Board of Selectmen of Hanson v. Lindsay, No. SJC-09416, 2005 WL 1515916 *5 (Mass., June 29, 2005).
As to Germano, the essential facts are undisputed. He admits in his deposition that he knew there was going to be a mortgage on the property when he took title. His belief that the mortgage would be discharged at some future point is immaterial. Butler has demonstrated the kind of personal and positive knowledge of the mortgage necessaiy to satisfy the “actual notice” standard. Summaiy judgment will therefore enter in favor of Butler Bank on its claims against Germano.
The analysis is more complex as to Tawardos. The exact nature of the interaction between Butler Bank and Attorney Chenelle remains an unresolved factual question at this stage of the proceedings. The ultimate fact-finder will have to determine, in the context of all the surrounding circumstances, including Butler’s failure to immediately respond to Attorney Chenelle’s fax of the discharge, whether Butler has satisfied its burden of establishing actual notice. The jury will need to decide whether such notice can be found to exist based principally on Butler’s expression of surprise that its mortgage was discharged. Compare Feldman *550 v. Souza, 27 Mass.App.Ct. 1142, 1144 (1989) (actual notice existed where buyer forewarned of claim of easement, there was active exercise of easement rights by the plaintiff, and Land Court plans designated what looked like a way precisely where the easement was claimed to exist). A genuine issue of material fact clearly is present in the summary judgment record before this Court.

ORDER

For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment is ALLOWED on this issue of actual notice to the defendant Domenic Germano, and DENIED on the issue of actual notice to the defendants Nagui and Nadia Tawardos.

The definition of “actual notice” is the same under G.L.c. 183, §4, concerning recorded land, and, therefore, the distinction is irrelevant. See Emmons v. White, 58 Mass.App.Ct. 54, 65-66 (2003).