ONE-O-SIX REALTY, INC. *vs*. PAUL D. QUINN, trustee.[1]

No. 05-P-19.

Suffolk. October 12, 2005. - April 20, 2006.

Present: PERRETTA, CYPHER, & KANTROWITZ, JJ.

*Real Property,* Registered land: easement. *Easement.*

In a dispute in Land Court concerning the existence of an unregistered ease-
ment on registered land, the judge incorrectly concluded that the plaintiff
had not made the necessary showing to meet the exception created by
G. L.   c. 185, § 46, for easements not noted on the certificate of title to
the dominant estate or elsewhere in the registration system, where the
defendant, whose attorney knew of the deed creating the easement, had
actual knowledge of a prior unregistered interest and took title subject to
the right of way. [152-155]

CIVIL ACTION commenced in the Land Court Department on
May 14, 1999.

The case was heard by *Karyn F. Scheier*, J.

*Carl K. King* for the plaintiff.

*David J. Gallagher* for the defendant.

CYPHER, J. The plaintiff, One-O-Six Realty, Inc., appeals from
a Land Court judgment declaring that registered land in Dan-
vers owned by the defendant, Paul D. Quinn, as trustee of Two
Hundred Forty One Newbury Street Realty Trust, is not
burdened by a right of way in favor of the plaintiff's property.
The defendant's certificate of title to the registered land did not
describe such an encumbrance; therefore, the plaintiff sought to
show that the defendant had actual knowledge of an unregistered
interest and took title subject to the right of way under an excep-
tion to G. L. c. 185, § 46, as stated in *Jackson* v. *Knott*, 418
Mass. 704, 710-711 (1994). A Land Court judge, after a trial,
concluded that the plaintiff had failed to make the necessary
showing.

[1]Of Two Hundred Forty One Newbury Street Realty Trust.

*Factual background.* We summarize the judge's findings and other undisputed matters of record. The properties in issue are four neighboring parcels with frontage on Newbury Street. The plaintiff owns the two southernmost properties and the defendant owns the two northernmost properties. The defendant's registered parcel lies at the northerly end of the four, at the southeast corner of Maple and Newbury Streets. The parcels are essentially arranged in a row; traveling north, one would first encounter the plaintiff's southernmost parcel, then its other parcel, then the defendant's unregistered parcel, and finally the defendant's registered parcel, which separates the others from Maple Street. The plaintiff claims a forty-foot wide right of way from its northernmost parcel across the defendant's two parcels to Maple Street. Automobile traffic has passed over such a path for many years.

In 1968, the land comprising the four parcels was owned by Raymond A. Sullivan and Marion F. Sullivan (Sullivan).[2] In 1969, Sullivan conveyed the two southernmost parcels (now owned by the plaintiff) to Victor B. Tremblay and Ernest S. Tremblay, trustees of the Tremblay Realty Trust (Tremblay). Sullivan included in the grant a forty-foot wide right of way from the conveyed premises over his other land to Maple Street.[3] Sullivan also reserved a reciprocal right of way.[4] No documents referring to the right of way were filed with the Land Court Registry District by either party to that transaction. Thus, there is no reference to the right of way on the defendant's certificate of title to the registered parcel or in any other document in the chain of title to the registered parcel.

---

[2]The registered parcel was originally registered in 1928. Sullivan acquired the property in 1937 as a result of a subdivision.

[3]The deed from Sullivan to Tremblay states that the conveyance is made "[t]ogether with a right of way for any and all purposes for which roadways are used in the Town of Danvers 40 feet in width running from the premises hereby conveyed over and in other land of the grantors to Maple Street. The grantors, their heirs and assigns, or any of them, shall have the right to provide a different course to the right of way hereby granted [by the] grantors over premises owned by the grantors, their heirs and assigns, but such alternates shall be of substantially equal convenience and in an equal condition of repair."

[4]That right of way, from Ingersoll Street (which lies along the plaintiff's southernmost parcel) to other land of Sullivan, is not in issue in this appeal.

The plaintiff acquired the Tremblay parcels in 1988, through mesne conveyances, after Victor Tremblay's death. The deed stated the "premises are also subject to easements of record, if any, insofar as the same are still outstanding."

In 1991, Sullivan's other two parcels, one unregistered[5] and the other registered, were conveyed by his executors to Thomas F. Manuel. The deed transferring the unregistered parcel did not refer to or describe the right of way. Manuel's transfer certificate of title to the registered parcel also did not refer to or describe the right of way.

In 1992, Manuel leased the registered parcel to an automobile repair business. Manuel informed the owner, Thomas R. Elliott, of the right of way. Elliott subsequently painted markings on the pavement, and Manuel paid for the installation of speed bumps to control traffic on the parcel. There is no measurement of the width of the actual right of way, or any plan showing its actual path, in the record.

In 1997, Manuel conveyed the unregistered parcel to the defendant. That deed stated that the parcel was subject to "an indefinite Right of Way 40' in width to Maple Street as described in [the 1969 Sullivan to Tremblay deed]."[6] A few months later, Manuel conveyed the registered parcel to the defendant. Neither the registered deed from Manuel nor the defendant's transfer certificate of title for the registered parcel contained any reference to the right of way.[7]

At the time the defendant purchased the registered parcel, in addition to speed bumps and yellow lines, there were yellow arrows, and the words "SLOW" and "NO PARKING" on the pavement of the registered parcel. It is not clear how prominent these markings were at the time, but they were visible.

The defendant hired an attorney to research the titles to the registered and unregistered parcels before the defendant

[5]This parcel actually consists of two unregistered lots, which the judge referred to as a single parcel, as do we.

[6]Manuel also reserved an easement burdening the unregistered parcel for the benefit of the registered parcel. That easement is not in issue in this appeal.

[7]The certificate of title contains references to two other easements, unrelated to the right of way in issue, which are not in dispute.

purchased them. The attorney prepared memoranda addressing the titles of each property and discussed the substance of those memoranda with the defendant. The attorney determined that the right of way was "extremely indefinite." He advised the defendant of the Tremblay deed and that the right of way encumbered the unregistered parcel but did not encumber the registered parcel.

The defendant walked the properties before purchasing the unregistered parcel and the registered parcel. On at least one of these occasions, the defendant met with Manuel at the properties. Manuel and the defendant discussed the properties and the record easements that affected title to each of them, and also discussed the flow and coordination of traffic over the registered parcel. At no time during this discussion did Manuel advise the defendant that there was a record easement in favor of the plaintiff's property or a claim that there was a right of way.

The plaintiff continued its use of the right of way after it acquired the Tremblay parcels and until the defendant began using his registered parcel in a way which the plaintiff complained prohibited it from full use of the access to Maple Street. The plaintiff filed its complaint for declaratory judgment in the Land Court in 1999.

*Discussion.* A holder of a certificate of title to registered land generally takes "free from all encumbrances except those noted on the certificate." G. L. c. 185, § 46. Under ordinary circumstances, no easement can affect registered land as the servient estate unless it is disclosed on the certificate of title. See *Goldstein* v. *Beal*, 317 Mass. 750, 757 (1945); *Tetrault* v. *Bruscoe*, 398 Mass. 454, 461 (1986). "If an easement is not expressly described on a certificate of title, an owner, in limited situations, might take his property subject to an easement at the time of purchase: (1) if there were facts described on his certificate of title which would prompt a reasonable purchaser to investigate further other certificates of title, documents, or plans in the registration system; or (2) if the purchaser has actual knowledge of a prior unregistered interest." *Jackson* v. *Knott*, 418 Mass. at 711. We review the judge's decision to determine "whether the ultimate order is correct in law upon

the facts found by the judge in [her] decision, including the documents incorporated therein by reference." *Ide* v. *Bowden*, 342 Mass. 22, 24 (1961).

The judge concluded that the plaintiff had met its burden of proving the existence of an easement over the defendant's two parcels. The parties do not dispute the judge's conclusion that a way was identifiable on the ground and crossed the defendant's registered parcel,[8] but in his brief the defendant does challenge the judge's conclusion that the right of way described in the Sullivan to Tremblay deed was meant to burden both the registered and the unregistered parcels. The judge concluded that the servient estate was sufficiently identified by the language "over and in other land of the grantors to Maple Street" because at the time of the creation of the right of way, Sullivan owned all of the land that the Tremblay trust had acquired (which included the plaintiff's property), the unregistered parcel, and the registered parcel. After Sullivan executed the Tremblay deed, the only property Sullivan owned was the unregistered parcel and registered parcel, which could be ascertained by registry plans on record at that time. There was no way to reach Maple Street from plaintiff's property over "other land of the grantors" except by traveling first over the unregistered parcel and then over the registered parcel. We see no reason to disturb the judge's conclusion on this point.

It is undisputed that the right of way is not noted on the defendant's certificate of title, or referred to in any other document within the registration system. Thus, the first exception stated in *Jackson* v. *Knott, supra,* is not applicable.

With regard to the second exception in *Jackson*, the judge concluded that the evidence had not established that the defendant had "actual knowledge" that a prior unregistered interest burdened the registered parcel. *Ibid.* The plaintiff argues that the Land Court judge misapplied *Jackson* and that the defendant had actual knowledge because the defendant was

[8]The judge determined that the easement could be described with reasonable certainty, even though it was a "floating easement." Use of the right of way by the plaintiff and its predecessor in title for many years, coupled with the acquiescence of Sullivan and Manuel, was sufficient to locate the right of way on the ground across the registered and unregistered parcels.

aware of the Sullivan to Tremblay deed, which created the easement. The judge found (1) that while the defendant "knew that people traversed [the registered parcel] to reach Plaintiff's Property, it does not necessarily follow that he knew that such use was pursuant to the terms of the Right of Way, as opposed to simply permissive use between abutting neighbors"; and (2) that the defendant was not advised by Manuel or others of any record basis for the right of way.

" 'Actual knowledge,' to which *Jackson* refers at 711, is a basis for charging a person with notice of a fact . . . ." *Sandwich* v. *Panciocco*, 48 Mass. App. Ct. 556, 561 (2000). There is no question that prior to his purchase of the registered parcel, the defendant was advised of the existence of the Tremblay deed by his counsel. The Tremblay deed purported to (and, as found by the judge — correctly in our view — did) create an easement from the plaintiff's land "over and in other land of the grantors [Sullivan] to Maple Street." The land affected by that grant included the registered parcel. The defendant knew of the Tremblay deed, and of its provision concerning the easement grant.[9] Thus, the defendant had the requisite notice of the prior unregistered interest. See *Killam* v. *March*, 316 Mass. 646, 651-652 (1944) (buyer of registered land informed of encumbrance by purchase and sale agreement); *Wild* v. *Constantini*, 415 Mass. 663, 667-669 (1993) (petitioner for registration had knowledge of encumbrance at time petition filed); *Feldman* v. *Souza*, 27 Mass. App. Ct. 1142, 1143-1144 (1989) (owner of dominant estate informed buyer, prior to purchase of registered land, of encumbrance). Contrast *Jackson* v. *Knott*, 418 Mass. at 713 ("it is not shown that either [defendant] had any actual knowledge of a prior unregistered document creating an easement").

The defendant's attorney's knowledge of the Tremblay deed and its contents is properly imputed to the defendant. See *Quinn* v. *Hintlian*, 4 Mass. App. Ct. 805, 805 (1976); *Ruml* v. *Ruml*, 50 Mass. App. Ct. 500, 507 (2000). Charged with knowledge of the Tremblay deed and its contents, the defendant is likewise properly charged with their correctly interpreted legal effect.

---

[9]As the judge found, "[t]here was no way to reach Maple Street from Plaintiff's Property over 'other land of the grantors' except by traveling first over the Unregistered Parcel and then over the Registered Parcel."

That is to say, we decline to apply a subjective standard to consider whether the defendant correctly understood the meaning of the Tremblay deed, rather than an objective standard charging the defendant with knowledge of the actual legal effect of that instrument.[10] The fact that the defendant's attorney advised him that the right of way did not burden the registered parcel does not relieve the defendant of actual knowledge of the unregistered interest. A client is bound by the mistakes of its counsel. See *Massachusetts Parole Bd.* v. *Civil Serv. Commn.*, 47 Mass. App. Ct. 760, 766 (1999). See also *Chestnut* v. *Lowell*, 305 F.3d 18, 26 (1st Cir. 2002) (Lipez, J., dissenting), and cases cited.

The knowledge of the Tremblay deed, which burdened the registered land, was sufficient to bring the unregistered easement within the statutory exception created by G. L. c. 185, § 46, as construed in *Killam* v. *March*, *supra* at 651.

The judgment is reversed. A new judgment shall enter declaring that the defendant's registered property is burdened by the right of way in favor of the plaintiff's property.

*So ordered.*

---

[10]We consider it particularly appropriate to charge the defendant with such knowledge in the circumstances, where the right of way was visible on the ground, with striping and speed bumps, and where the defendant was aware of its actual use.